# GROUP EXHIBIT A

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

**16SL-CC03256**

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, STATE OF MISSOURI

| | | |
|---|---|---|
| BRIAN FELLOWS, on his own behalf and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No: |
| vs. | ) ) | Div. |
| AMERICAN CAMPUS COMMUNITIES SERVICES, INC., | ) ) ) | |
| SERVE: 12700 Hill Country Boulevard Suite T-200 Austin, TX 78738 | ) ) ) ) ) ) | |
| Defendant. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |

### CLASS ACTION PETITION

COMES NOW Plaintiff Brian Fellows, by and through counsel, individually and on behalf of the class of all other similarly situated individuals, and for his causes of action against Defendant American Campus Communities Services, Inc. (hereinafter "ACC" or "American Campus Communities"), states, upon personal knowledge as to his own actions and upon information and belief based upon the investigation of plaintiffs' counsel and the reasonable inferences from the evidence as to all other facts alleged in this Petition, as follows:

### INTRODUCTION

1.     This case stems from Defendant American Campus Communities' practice of falsely advertising "monthly" lease rates for its college apartment units that are lower than the actual monthly rate it in fact charges its student tenants in its lease agreement, collecting hundreds of thousands of dollars in unjust rent every year from college students in Missouri.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

2.      Defendant ACC accomplishes this scheme by first advertising specific **"monthly"** rent rates as depicted herein for each of its properties, including the property known as "The Cottages of Columbia," which is off-campus housing near the University of Missouri, in Columbia, Missouri.  A typical ad appears as follows:



3.      What Defendant does not disclose, however, is that although the advertised monthly rate is based upon the amount paid per month over twelve months, the lease itself only lasts eleven and a half months.  After a student decides to live at Defendant ACC's property and applies for a lease, Defendant provides the student with a lease requiring the student to pay the full advertised monthly rent amount for the first half month of occupancy, thereby requiring the student to pay 200% of the advertised rate for the first half month instead of Defendant ACC simply prorating the advertised rate for one half month as a reasonable consumer would expect.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

4.      While Defendant ACC's lease prominently indicates the monthly payment amount is the same as the advertised "monthly" rate, Defendant's lease does not contain a clear statement disclosing that even though the tenant will be paying 12 monthly payments, the lease itself only lasts for eleven and a half months.  Notwithstanding that the lease begins on August 16 and ends on July 31, the first half month is not prorated and the tenant is charged a full month's rent for the first half month of occupancy. Defendant's lease does not disclose in a meaningful way that by requiring twelve full payments of the advertised "monthly" rate for its shortened eleven and a half month term, the effective monthly rate is significantly higher than the advertised monthly rate. By doing so, Defendant systematically misleads lessees to believe the lease rate is the same as that advertised.  The net effect is that Defendant charges its college community tenants an unearned extra half-month's rent without fully disclosing the material fact that by doing so, the monthly rent rate is higher than the advertised rate.

5.      As a result, upon information and belief, every school year, Defendant ACC collects approximately $250,000 over its advertised monthly rates from more than one thousand Missouri college students.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff and proposed Class Representative Brian Fellows is and has at all times relevant to this action been a natural person residing in the State of Missouri. As set forth in more detail herein, Plaintiff Fellows leased a property from Defendant American Campus Communities Services, Inc.

7.      Defendant American Campus Communities Services, Inc., is an active foreign corporation organized under the laws of the State of Delaware, that advertises, owns, manages and leases college community housing in the State of Missouri and across the country,

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

transacting business through, among other practices, advertising college community housing over the internet, charging fees for lease applications and/or requiring security deposits, and entering into lease contracts with college students and others for Defendant ACC's college community housing properties located in Columbia, Missouri.

8.      Defendant ACC's acts, practices, methods, uses, solicitations, and conduct alleged in this Complaint include the acts, practices, methods, uses, solicitations, and conduct of Defendant ACC's agents, servants, representatives and employees, and those of Defendant ACC's wholly or partially owned subsidiaries and their agents, servants, representatives, and employees acting in the scope and course of such business and agency relationships (all of which are hereinafter collectively referred to as " Defendant ACC" or "Defendant").

9.      Jurisdiction is properly vested with this Court.  This Court has subject matter jurisdiction over this action under Art. V, § 14 MO. CONST., and §407.025 RSMo, which allows a private citizen to bring a civil action in circuit court against persons and entities that violate §407.020 RSMo.

10.     This Court has personal jurisdiction over Defendant ACC pursuant to the Missouri Merchandising Practices Act ("MMPA"), § 407.010, RSMo, et seq., and § 506.500, RSMo.

11.     Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), this matter may not be removed to Federal Court on the basis of diversity among the parties due to the fact that no reasonable basis exists to believe the aggregate amount of the class claims exclusive of interests and costs will exceed $5,000,000.00.  Specifically, the estimated maximum numbers of class members does not likely exceed 5000 individuals and the estimated average claim amount for a class of 5000 members is not likely to exceed approximately $300.00, per

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

member, which would equate to an approximate maximum class claim excluding costs and interests in the aggregate amount of $1,500,000.00.

12.     Defendant ACC owns and manages rental apartment housing located in the State of Missouri which Defendant ACC advertises for lease to prospective tenants including individuals located in St. Louis County, Missouri, through advertising mediums including the World Wide Web over the internet which reaches individuals located in St. Louis County, Missouri, among other places; in connection with such advertising of rental housing to individuals viewing Defendant ACC's advertisements while located in St. Louis County, Missouri, Defendant ACC engaged in the acts, practices, methods, uses, and conduct described below that violate §407.020 RSMo., within St. Louis County, Missouri.

13.     Defendant ACC's alleged Merchandising Practices Act violations giving rise to plaintiff's claim occurred in St. Louis County, Missouri, where plaintiff Brian Fellows was located at the time plaintiff observed Defendant ACC's website advertisement of false and misleading monthly rental rates, and the transaction of business resulting from Defendant ACC's false and misleading advertisement occurred in St. Louis County, Missouri, where plaintiff Brian Fellows was located when he submitted an application for lease sent by facsimile to Defendant ACC and where plaintiff was located when plaintiff executed Defendant ACC's lease agreement and transmitted the executed lease by facsimile to Defendant.

14.     All of the conduct at issue, including the viewing of Defendant's marketing materials and the signing of the lease occurred in St. Louis County, Missouri.  Accordingly, venue is proper in St. Louis County Circuit Court pursuant to §407.100.7, which provides that "[a]ny action under this section may be brought in the county … in which the violation alleged to have been committed occurred..."

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS AND CLASS MEMBERS**

15.     Defendant ACC owns, manages and maintains multiple internet websites wherein Defendant ACC claims, promotes, and advertises to the public that Defendant ACC owns and/or manages the following college community housing properties located in the State of Missouri:

> The Cottages of Columbia (http://thecottagesofcolumbia.com)

> Grindstone Canyon (http://grindstonecanyon.com)

> Forest Village and Woodlake (http://forestvillagewoodlake.com)

16.     Defendant ACC used these websites and associated social media pages for each of Defendant's owned and/or managed Missouri properties to advertise each of its housing units for lease at specific rates designated as "monthly" or without any specific designation of term length which defendant knows and expects that a consumer is likely to interpret as a "monthly" term rate.

17.     Defendant ACC's target consumers for its website advertising and property leasing are young college students with little or no experience in rental finances and lease terminology.

18.     Upon information and belief, each year, Defendant ACC enters into separate lease contracts for Defendant ACC's Missouri college community housing units with more than 1000 college students and other individuals.

19.     Defendant ACC's property websites' only information regarding lease term length or the corresponding lease rate is that of a "**monthly**" rent dollar amount.

20.     Defendant ACC's property websites do not contain any indication that the tenant will be charged a full month's rent for the first half month's occupancy, nor do Defendant's websites

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

provide any indication that the rent rates are anything other than "monthly" or that the leases are truncated in any way.

21.     Defendant ACC requires prospective tenants to submit an application and often requires prospective tenants to pay a fee and/or submit a security deposit before Defendant provides the applicant with its lease agreement indicating the monthly payment is that of the advertised monthly amount for 12 months while separately indicating a lease term of 11 ½ months.

22.     For each of Defendant ACC's college community housing units, Defendant ACC requires every individual lessee to make the first lease payment of the full advertised **"monthly"** rate dollar amount prior to the first day of the first month in which occupancy is to begin (typically the month of August) while at the same time prohibiting the lessee from occupying Defendant ACC's housing unit for 15 days of the first occupancy month (typically August 1st to 15th). As such, while Defendant ACC's lease term would typically begin on or about August 16th of one year and end on July 31st of the next year, the lessee would still be required to pay the advertised full **"monthly"** rent dollar amount due prior to August 1st in exchange for only one-half month occupancy.

23.     In the area of residential property leasing, the term "monthly" in reference to a payment rate has the common and plain meaning of that payment amount set for a corresponding calendar month's occupancy.

24.     Defendant ACC knows its lease does not provide a common "monthly" payment rate based on calendar month occupancy, but instead uses an 11 ½ month occupancy and charges 12 equal monthly payments. Therefore, Defendant ACC knowingly and intentionally misleads consumers by advertising **"monthly"** rental rates Defendant knows are completely different from rate calculated using the common and plain meaning of a "monthly" rental rate.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

25.     In doing so, Defendant ACC falsely advertises deceptively lower monthly rent rates than the higher effective monthly rate Defendant charges thereby giving Defendant ACC an unfair advantage in the college community housing marketplace over competing housing lessors that do not falsely advertise their "monthly" rates.

26.     Upon information and belief, as a result, every year, for the extra half month rent Defendant ACC charges its student tenants, Defendant ACC collects more than $250,000 over its advertised monthly rates thereby causing both consumers and business competitors to suffer actual injury through the loss of money as a result of Defendant ACC's unfair practices as more fully described herein.

27.     The only reason Defendant gets away with this unfair and fraudulent practice is that its target consumer is unsophisticated, powerless college students.  Defendant ACC could easily rectify its unfair practice by charging only one-half month's rent for the half month occupancy at the beginning of its lease or by advertising the true effective monthly rent rate.  Instead, Defendant knowingly advertises a false monthly rate and charges 200% of the advertised monthly rate for the first half month of the lease.

**CLASS ACTION ALLEGATIONS**

28.     Upon information and belief, continuously throughout the previous several years, Defendant ACC falsely advertised and misled consumers including Plaintiff regarding the rate Defendant ACC charged for monthly occupancy of its housing units and the lease term to all its numerous individual tenants.

29.     Plaintiff brings this action on Plaintiff's own behalf and on behalf of a class of all similarly situated individuals, pursuant to Rule 52.08 and §407.025.3 RSMo.

30.     The Plaintiff Class is defined as:

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

All persons who entered into a residential lease contract with Defendant ACC for housing located in the State of Missouri where: (1) the lease contract rent rate was not based on a standard calendar month occupancy, (2) the person paid Defendant ACC the full "monthly" advertised rate for the first month when occupancy began, and (3) the person was not permitted to occupy some portion of the first month when occupancy began without paying an additional amount of money to do so.

31.     The Plaintiff Class satisfies all of the prerequisites stated in Rule 52.08(a) and §407.025.3 RSMo.

32.     The class is so numerous that joinder of all members would be impractical, in that the number of class members is likely to exceed 1000 individuals.

33.     Questions of law and/or fact exist which are common to the class, including but not limited to:

  a.   Whether Defendant committed the acts alleged herein;

  b.   Whether Defendant advertised or implied that it was charging a different "monthly" rate than the rate of monthly rate actually paid by Plaintiff and the Class;

  c.   Whether Defendant's conduct as described herein was unfair, misleading, deceptive and/or fraudulent

  d.   Whether Defendant has been unjustly enriched as a result of its practices described herein;

  e.   Whether and to what extent Plaintiff and the Class sustained damages;

  f.   Whether the imposition of punitive damages is appropriate; and,

  g.   Whether attorneys' fees and costs should be awarded to Plaintiff and the Class.

34.     The representative Plaintiff's claims of are typical of the claims of the Plaintiff Class.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

35.     The representative Plaintiff will fairly and adequately protect the interests of the class and has no interests antagonistic to the class, and Plaintiff's counsel has experience in the litigation of consumer class action claims.

36.     The Plaintiff Class also satisfies the requirements of Rule 52.08(b) and §407.025.3 RSMo in that:

     a.  The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

     b.  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PLAINTIFF'S SITUATION IS DEMONSTRATIVE

37.     In June 2014, plaintiff Brian Fellows began searching for rental housing in the area around the University of Missouri in Columbia, Missouri, for the 2014-2015 school year. Before traveling to Columbia, Missouri, to tour available housing opportunities, Plaintiff searched the internet for information regarding such available housing.  A material factor guiding Plaintiff's search was the monthly rent amount.

38.     In June 2014, while located in St. Louis County, Missouri, Plaintiff Brian Fellows viewed Defendant     ACC's     website     advertisement     over     the     internet     at http://thecottagesofcolumbia.com/floorplans regarding the **"monthly"** rent dollar amount for a

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

particular housing unit and plaintiff did not find any information about the lease rate being anything other than **"monthly."**   After viewing Defendant ACC's website regarding the **"monthly"** rental rates and based upon those advertised rates, plaintiff traveled to Columbia, Missouri, to tour Defendant ACC's owned and managed property known as "The Cottages of Columbia," and after doing so, Plaintiff decided he wanted to reside at Defendant's property for the upcoming school year.

39.     On July 1, 2014, while located in St. Louis County, Missouri, Plaintiff Brian Fellows submitted an application for lease with Defendant ACC with the expectation of receiving a lease for a 12-month term at the advertised monthly rate for that particular housing unit.

40.     Upon Plaintiff Brian Fellows submitting an application for lease to Defendant ACC, Defendant ACC provided plaintiff with a lease agreement.   While the lease revealed for the first time to plaintiff that the lease term began on August 16, 2014, and ended on July 31, 2015, it did not prominently explain the significance of this unusual quirk of the lease, did not prorate the first month to a rate that was consistent with the advertised monthly rate, and did not otherwise sufficiently explain that Plaintiff was paying for 12 months but would only be occupying the property for 11 ½ months.

41.     As a young college student, when Plaintiff Brian Fellows saw that the monthly rent payment amount was the same amount Defendant ACC advertised on its website and that the lease term began on August 16 and ended on July 31, Plaintiff assumed that was a standard lease arrangement, Plaintiff did not recognize that the half-month occupancy in August would not be prorated, and Plaintiff did not calculate that the shortened lease term resulted in a higher monthly rent rate from Defendant's advertised monthly rate.

42.     Defendant ACC's deceptive and misleading advertisement and leasing tactics caused

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

Plaintiff Brian Fellows to be confused in his understanding of the rate Defendant ACC charged for the first half month of occupancy.

43.     As a result, Plaintiff Brian Fellows paid one-half month's rent more than the amount Defendant advertised, and Defendant was unjustly enriched by receiving one-half month rent payment from Plaintiff while not providing occupancy for such payment.

44.     Nowhere on Defendant ACC's internet advertising website for "The Cottages of Columbia" viewed by Plaintiff Brian Fellows and not prior to providing Plaintiff with the lease agreement, did Defendant ACC disclose, reveal or explain that the lease term would be 11 ½ months, nor did Defendant disclose, reveal or explain that Plaintiff would be required to pay a full month's rent for the first half month of occupancy.

45.     In Defendant ACC's internet website advertising, including that viewed by Plaintiff Brian Fellows, Defendant ACC concealed the fact that Defendant's lease charged a higher monthly rate than Defendant's advertised lower monthly rate when factored on an 11 ½ month term basis.

46.     As a rental rate is an inherently material factor for any lease agreement, Defendant ACC's advertised monthly rent rate for the specific unit Plaintiff Brian Fellows leased was a material fact in Plaintiff's decision to visit Defendant's property, apply for a lease, and ultimately sign a lease with Defendant.

47.     Plaintiff Brian Fellows visited Defendant ACC's property, applied for a lease, and entered into a lease agreement with Defendant ACC for the personal or household purposes of leasing a personal residence.

48.     As a direct and proximate result of Defendant ACC's Missouri Merchandising Practices Act violations, false advertising, fraud and unjust enrichment, through Defendant ACC's deception, fraud, false pretense, false promise, misrepresentation, unfair competition and

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

unlawful and fraudulent business practice and false advertisement that was misleading, deceptive and fraudulent including the concealment, suppression, or omission of material fact, Plaintiff Brian Fellows was induced to and did suffer an ascertainable loss of one-half month's rent payment when Plaintiff paid Defendant the full advertised "monthly" rent amount for a half-month period when he was not permitted to occupy the property.

49.     As a direct and proximate result of Defendant ACC's behavior as described herein, Defendant ACC was unjustly enriched by the amount of money it charged and received payment from Plaintiff for one-half month of rent when Defendant ACC did not provide Plaintiff with occupancy in the premises in return.

50.     If Defendant ACC had truthfully advertised that its lease required payment of the full monthly rent amount for the month of August while providing Plaintiff Brian Fellows with only one-half month occupancy, Plaintiff would have taken a different course of action and would not have sustained the damages described herein.

## COUNT I – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

51.     Plaintiff incorporates the foregoing allegations as if fully set forth.

52.     The Missouri Merchandising Practices Act, Section 407.010 R.S.Mo. *et seq*, ("MMPA") strictly prohibit any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the lease, offer for lease, attempt to lease or advertisement of any real estate.

53.     Defendant's conduct as described herein constitutes a violation of the MMPA. Specifically, for example, from at least 2012 to the present, Defendant ACC has consistently and systematically displayed false advertisements of the **"monthly"** rent dollar amount for its housing units by stating a dollar amount for its **"monthly"** rent rate that is lower than the

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

effective amount Defendant ACC collects in the terms of its lease contracts. In doing so, Defendant ACC practiced deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of material fact by advertising a lower price for rent than the lease Defendant ACC in actuality offered to Plaintiff and the Class.

54.     Defendant ACC's advertising of lower **"monthly"** rental rates than the factual effective rate is misleading and was intended to lure consumers to travel to and visit Defendant ACC's property and to induce consumers to apply for Defendant ACC's property lease, and thereby cause the consumers to become committed to entering into a lease contract with Defendant ACC for residential rental property.

55.     Defendant ACC's occasional use of the terms "installment" or "monthly installment" in conjunction with an advertised dollar amount, for example "$569/monthly installment," or no term given next to the advertised rental rate, for example "$569," instead of using the term "rent" or "monthly rent," is deceptive, confusing, and misleading and omits a material fact by not clearly informing the consumer of the material fact that Defendant ACC is not leasing the property on a calendar month occupancy basis as implied by the advertisement, but rather on a basis of 11 ½ month divided into 12 payments which results in a monthly occupancy rent rate that is higher than Defendant's advertised monthly rate.

56.     Defendant ACC advertises **"monthly"** rental rates in a deceptive manner which is likely to cause confusion to a reasonable consumer as to the actual monthly rental price of the housing being offered.

57.     Collectively, Defendant ACC uses or employs unlawful acts and practices in violation of R.S.Mo. § 407.020 before, during or after the sale or advertisement of merchandise in the form of a lease for rental property to Missouri consumers by misrepresenting, both expressly and

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

impliedly, in connection with lease of rental property, including by:

    a.   Misrepresenting the monthly term rate through inaccurate, unclear, false, or misleading statements of facts in advertisements containing untrue statements of material facts as to the monthly term rate;

    b.   Advertising in a format that, because of overall appearance, has the tendency or capacity to mislead consumers as to the monthly term rate, or tends to cause consumers to form a false impression as to the monthly term rate;

    c.   Violating its duty of good faith in providing accurate rental rate and term information of its rental property to consumers to whom it advertises such property; and/or,

    d.   Engaging in the unethical and unscrupulous practice of enticing consumers to visit and consider its rental properties and to apply for and lease its rental properties without including material facts and information about the rental rate terms of those property leases.

58.    Defendant ACC engages in conduct in violation of MMPA §407.020 RSMo., by concealing, suppressing or omitting material facts, both expressly and impliedly, likely to be considered important in order to induce a leasing decision by Missouri consumers, including but not limited to concealing, suppressing or omitting:

    a.   The actual lease term;

    b.   The actual calendar monthly rental rate; and/or

    c.   Material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, for example, the fact that the word "monthly" does not mean a calendar month in the lease rental rate.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

59.     The rental rate term for Defendant ACC's housing properties is a material factor to consumers when considering leasing housing property from Defendant ACC and a deceptive or misleading advertisement that conceals, omits or suppresses the factual rental term rate is likely to cause consumers, in whole or in part, to enter into lease contracts for Defendant ACC's rental property, and therefore is a material fact in connection with such lease.

60.     As a direct and proximate result of Defendant's conduct in violation of the MMPA as described herein and as the evidence at trial may otherwise show, Plaintiff and the class have sustained damages in an amount to be proven at trial.

61.     Accordingly, pursuant to R.S.Mo. §407.025, Defendant ACC should be required to pay Plaintiffs' attorneys' fees, costs and expenses incurred in recovering Plaintiff's losses resulting from Defendant ACC's Missouri Merchandising Practices Act violations.

62.     Defendant ACC's fraudulent business practices asserted herein are wanton and/or reckless and/or show a reckless indifference to the interests of college students and others in need of rental housing, and therefore justify an award for exemplary and punitive damages.

## COUNT II – UNJUST ENRICHMENT

63.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64.     By entering into leases with Defendant and paying rent for a period of time when they are not, in fact, occupying the premises, Plaintiff and the Class have conferred a benefit upon Defendant.

65.     Defendant has retained this unearned rent and other benefits that rightly belong to Plaintiff and the Class. For the reasons set forth herein, Defendant acquired these benefits by virtue of improper, deceptive, and unfair conduct, rendering the retention of these benefits improper.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

66.     The benefits described herein properly and in equity belong to Plaintiff and the Class, but Defendant, in derogation of their rights, continues to improperly retain these benefits.

67.     As a direct and proximate cause of Defendant's improper conduct, they have unjustly retained a benefit that in equity belongs to Plaintiff and the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court order the following relief:

a.  Certifying the Class as described herein;

b.  Appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.  Entering judgment in favor of Plaintiff and the Class and against Defendant;

d.  Awarding damages in an amount fair and reasonable to compensate Plaintiff and the Class for their losses, in excess of $25,000 in the aggregate;

e.  Ordering Defendant to disgorge for the benefit of the Class all unearned rent collected as described herein;

f.  Awarding attorneys' fees, reasonable expenses and costs of litigation to be paid by Defendant;

g.  Awarding punitive damages in an amount sufficient to punish Defendant and deter future like conduct;

h.  Awarding such other and further relief as this Court deems just and proper under the circumstances.

Dated this 2nd day of September, 2016.

Electronically Filed - St Louis County - September 02, 2016 - 12:33 PM

CAREY, DANIS & LOWE

By: ___/s/ *Jeffrey J. Lowe*_____
    Jeffrey J. Lowe #35114
    James J. Rosemergy #50166
    Carey, Danis & Lowe
    8235 Forsyth, Suite 1100
    St. Louis, Missouri 63105
    Ph: (314)725-7700
    Fax: (314) 678-3401
    jlowe@careydanis.com
    jrosemergy@careydanis.com

*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that the foregoing has been filed using the court's CM/ECF system, and thereby serving all registered parties of record on this 2nd day of September, 2016.

    /s/*Jeffrey J. Lowe*_____



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TOM W DE PRIEST JR | Case Number:  16SL-CC03256 |
| Plaintiff/Petitioner:<br>BRIAN FELLOWS | Plaintiff's/Petitioner's Attorney/Address:<br>JEFFREY J LOWE<br>8235 FORSYTH<br>SUITE 1100<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>AMERICAN CAMPUS COMMUNITIES<br>SERVICES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   AMERICAN CAMPUS COMMUNITIES SERVICES, INC.
                            Alias:

12700 HILL COUNTRY BLVD.
SUITE T-200
AUSTIN, TX 78738

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
   **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>06-SEP-2016</u>
Date
Further Information:
EJ
_____
                                        Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____
   _____ (address)
Served at _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

         **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
         I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                              (use for out-of-state officer)
                            ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*
                                        _____
                                                Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

         See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 16-SMOS-685**      3      **(16SL-CC03256)**      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 16-SMOS-685**      4      **(16SL-CC03256)**      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Louis County - September 07, 2016 - 09:58 AM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, STATE OF MISSOURI

| | |
|---|---|
| BRIAN FELLOWS, on his own behalf and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | Cause No:  16SL-CC03256 |
| AMERICAN CAMPUS COMMUNITIES SERVICES, INC., | Div. 8<br>Hon. Tom W. DePriest, Jr. |
| Defendant. | |

## ENTRY OF APPEARANCE

Comes now James J. Rosemergy of Carey Danis & Lowe and hereby enters his

appearance as attorney for Plaintiffs in the above entitled matter.

CAREY, DANIS & LOWE

By:___ /s/ *James J. Rosemergy*_____
     Jeffrey J. Lowe #35114
     James J. Rosemergy #50166
     Carey, Danis & Lowe
     8235 Forsyth, Suite 1100
     St. Louis, Missouri 63105
     Ph: (314)725-7700
     Fax: (314) 678-3401
     jlowe@careydanis.com
     jrosemergy@careydanis.com

*Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that the foregoing has been filed using the court's CM/ECF system, and thereby serving all registered parties of record on this 7th day of September, 2016.

   /s/*James J. Rosemergy*_____

Electronically Filed - St Louis County - September 07, 2016 - 10:32 AM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, STATE OF MISSOURI

BRIAN FELLOWS, on his own behalf           )
and on behalf of all others similarly      )
situated,                                   )
                                            )
      Plaintiff,                )
                                            )        Case No. 16SL-CC03256
vs.                                         )
                                            )        Div. 8
AMERICAN CAMPUS                             )
COMMUNITIES SERVICES, INC.,                 )
                                            )
SERVE:                                      )
12700 Hill Country Boulevard                )
Suite T-200                                 )
Austin, TX 78738                            )
                                            )
      Defendant.                )
                                            )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2016, Plaintiffs' First

Interrogatories and Plaintiffs' First Requests for Production of Documents Directed to

Defendant have been provided to the Sheriff of Travis County, Texas along with Plaintiffs'

Petition for service along with Summons and Plaintiffs' Petition filed on September 2, 2016.

CAREY, DANIS & LOWE

By:   /s/Jeffrey J. Lowe
Jeffrey J. Lowe #35114
James J. Rosemergy #50166
Carey, Danis & Lowe
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Ph: (314)725-7700
Fax: (314) 678-3401
jlowe@careydanis.com
jrosemergy@careydanis.com

*Attorneys for Plaintiffs*

SEP-21-2016  14:54          CONSTABLE PCT5                    5128544228        P.002



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

Electronically Filed - St Louis County - September 22, 2016 - 11:44 AM

| | |
|---|---|
| Judge or Division:<br>TOM W DE PRIEST JR | Case Number: 16SL-CC03256 |
| Plaintiff/Petitioner:<br>BRIAN FELLOWS | Plaintiff's/Petitioner's Attorney/Address:<br>JEFFREY J LOWE<br>8235 FORSYTH<br>SUITE 1100<br>vs.    CLAYTON, MO 63105 |
| Defendant/Respondent:<br>AMERICAN CAMPUS COMMUNITIES<br>SERVICES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: AMERICAN CAMPUS COMMUNITIES SERVICES, INC.
Alias:

12700 HILL COUNTRY BLVD.
SUITE T-200
AUSTIN, TX 78738

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

06-SEP-2016
Date
Further Information:
EJ

Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Deputy Constable of Travis County, TX (state).
3. I have served the above summons by: (check one)
   - [✓] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent. Jane
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe)

Served at 12700 Hill Country Blvd #T200 Austin, TX 78738 (address)
in Travis County, TX (state), on 9-16-16 (date) at 12:00 (time).

Printed Name of Sheriff or Server   Jack 475        Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ miles @ $ _____ per mile |
| Total | $ |

**✗ COMPLETED**

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-685    1    (16SL-CC03256)

Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Pd $75. /ck#103109

TOTAL P.002

Electronically Filed - St Louis County - September 22, 2016 - 11:44 AM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, STATE OF MISSOURI

BRIAN FELLOWS, on his own behalf and on
behalf of all others similarly situated,

     Plaintiff,

vs.

AMERICAN CAMPUS COMMUNITIES
SERVICES, INC.,

     Defendant.

Cause No:  16SL-CC03256

Div. 8
Hon. Tom W. DePriest, Jr.

## MEMORANDUM FILING RETURN OF SERVICE

Come now Plaintiffs, by and through counsel, and informs the Court that Defendant was

served with summons on September 16, 2016.  The sheriff's return of service is attached hereto.

CAREY, DANIS & LOWE

By:    /s/ Jeffrey J. Lowe
    Jeffrey J. Lowe #35114
    James J. Rosemergy #50166
    Carey, Danis & Lowe
    8235 Forsyth, Suite 1100
    St. Louis, Missouri 63105
    Ph: (314)725-7700
    Fax: (314) 678-3401
    jlowe@careydanis.com
    jrosemergy@careydanis.com

    *Attorneys for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that the foregoing has been filed using the court's
CM/ECF system, and thereby serving all registered parties of record on this 22nd day of
September, 2016.

    /s/Jeffrey J. Lowe