UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN FELLOWS, on his own behalf and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-01611 JAR ) |
| AMERICAN CAMPUS COMMUNITIES SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant American Campus Communities Services, Inc.'s Motion to Dismiss (Doc. 13). The motion is fully briefed and ready for disposition.[1]

**I.  Background**

Plaintiff Brian Fellows brought this class action in the St. Louis County Circuit Court against Defendant American Campus Communities Services, Inc. (hereinafter referred to as "Defendant") asserting claims for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020 et seq. (Count I) and unjust enrichment (Count II). He alleges that Defendant falsely advertises "monthly" lease rates for its college apartment units and does not disclose that although the monthly rate is based upon an amount paid over 12 months, the lease itself only lasts eleven and a half months. (Complaint ("Compl."), Doc. 13-1 at ¶¶ 1, 3). Plaintiff further alleges Defendant does not prorate the advertised rate for one half month, as

---

[1] The Court notes that Plaintiff's Motion to Amend the Complaint to Add a Defendant (Doc. 26) is currently pending. Plaintiff represents that he seeks to add Columbia Properties I, LLC as a Defendant to this action by virtue of its contractual relationship with Defendant American Campus Communities Services, Inc. The proposed amendment only adds one defendant and does make any substantive changes to the allegations asserted against Defendant American Campus Communities Services, Inc. and addressed in its Motion to Dismiss.

a reasonable consumer would expect, thereby resulting in the student paying 200% of the advertised rent for the first month. (Compl. at ¶ 3). Plaintiff alleges that while Defendant's lease "prominently indicates the monthly payment amount is the same as the advertised 'monthly' rate, Defendant's lease does not contain a clear statement disclosing that even though the tenant will be paying 12 monthly payments, the lease itself only lasts for eleven and a half months." (Compl. at ¶ 4). Plaintiff claims the advertisement, paired with Defendant's failure to disclose these discrepancies in its lease agreement, allows Defendant to systematically mislead lessees to believe the lease rate is the same as that advertised, and the net effect is that the monthly rate is higher than the advertised rate. (Compl. at ¶ 4). Defendant removed the matter to this Court on October 14, 2016 (Doc. 1) and has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.  Legal standard**

When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir.2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir.1995)). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter

of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir.1999) (internal citation omitted).

As an initial matter, the Court must determine whether documents not attached to the Complaint may be properly considered in resolving this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). The "contracts upon which a claim rests are evidently embraced by the pleadings." *Id.* (citation omitted). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 372 F.3d 697, 700 (8th Cir. 2003).

Here, Plaintiff argues that the focus of his lawsuit is Defendant's marketing of rental units, rendering the contents of the lease "largely immaterial." However, Plaintiff's Complaint repeatedly references the contents of the lease agreement and its terms. Furthermore, central to Plaintiff's claims is his contention that the terms of the lease agreement do not comport with Defendant's advertisements, resulting in Defendant's violation of the MMPA and unjust enrichment. Plaintiff's insistence that the lease agreement and its contents are irrelevant to his claim is unpersuasive. The Court finds the lease agreement is necessarily embraced by the pleadings and may be considered.

### III. Discussion

#### A. MMPA – Count I

The MMPA, as first adopted by the legislature in 1967, protects consumers by expanding the common law definition of fraud "to preserve fundamental honesty, fair play and right

dealings in public transactions." *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 310–11 (Mo. Ct. App. 2016) (citing *State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Mo. App. 1973)). To state a claim under the MMPA, a plaintiff must show that (1) he purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss; (4) as a result of an unlawful practice. Mo. Rev. Stat. § 407.025(1). The MMPA is a broad statute, prohibiting "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce...." Mo. Rev. Stat. § 407.020.1.

Defendant argues that, as a matter of law, Plaintiff cannot establish the requisite element of causation because Plaintiff signed a lease agreement that prominently set forth the monthly payment amount and the start and end dates, thereby defeating Plaintiff's ability to show an ascertainable loss resulting from the advertisement. Defendant likens this case to *Padberg v. Dish Network LLC*, No. 11–04035–CV–C–NKL, 2012 WL 2120765, at *6 (W.D. Mo. June 11, 2012). *Padberg* involved a plaintiff who was first shown misleading advertisements and then read and signed a contract explicitly stating the defendant was not obligated to perform as advertised. *Id.* at *6. The court found that the intervening factor of the plaintiff reading and signing the contract meant that plaintiff could not, as a matter of law, show an ascertainable loss "resulting from" the defendant's actions as alleged. *Id.* at *6. Plaintiff argues in response that he has adequately pled the requisite elements under the MMPA and set forth facts sufficient to survive a motion to dismiss.

The Court's focus when ruling on a motion to dismiss is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to present evidence in support of his claim.

Although *Padberg* is instructive, the Court is persuaded by the fact that the other cases cited by the parties were resolved on summary judgment, not motions to dismiss. In *Chochorowski v. Home Depot U.S.A.*, 404 S.W.3d 220 (Mo. 2013), the plaintiff rented a tiller from the defendant by signing a contract agreeing to pay an optional damage waiver fee. On summary judgment, the Supreme Court of Missouri ultimately concluded that the plaintiff merely wanted relief from her failure to read the rental agreement before she executed it, which did not fall within the protections of the MMPA. *Id.* Similarly, while it appears Plaintiff in this case may be seeking relief from his failure to read the lease agreement carefully, the facts as pled in the Complaint entitle him to engage in some discovery in support of his claims.

The other cases cited by the parties, *Toben v. Bridgestone Retail Operations, LLC*, 751 F3d 888 (8th Cir. 2014) and *Kerr v. Vatterott Educational Centers, Inc.*, 439 S.W.3d 802 (Mo. Ct. App. 2014), were also decided on summary judgment. The MMPA is broad in scope in order to prevent evasion by overly meticulous definitions; the determination of whether fair dealing has been violated turns on the unique facts and circumstances of each case. *Mattingly v. Medtronic, Inc.*, 466 F. Supp. 2d 1170, 1173 (E.D. Mo. 2006) (internal citations omitted). As previously noted, a motion to dismiss tests the sufficiency of the complaint, not whether the plaintiff will ultimately prove or prevail on the claim. At this stage of this litigation, the allegations of the Complaint are sufficient to withstand Defendant's challenge.

**B. Unjust enrichment – Count II**

Defendant also moves to dismiss Plaintiff's unjust enrichment claim, arguing that Missouri law does not permit recovery for unjust enrichment when an express contract governs the subject matter of the parties' dispute. However, the mere existence of a contract does not preclude Plaintiff from claiming in the alternative that Defendant was unjustly enriched. *See*

*Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (holding that Missouri law allows a plaintiff to assert breach of an express contract as an alternative pleading to an unjust enrichment claim).

Defendant also argues that there can be no unjust enrichment if the parties receive what they intended to obtain under a contract. *See Am. Standard Ins. Co. of Wisconsin v. Bracht*, 103 S.W.3d 281, 293 (Mo. Ct. App. 2003) (reversing the portion of summary judgment finding unjust enrichment because the parties received what they contracted for under the express set-off provisions of the contract). However, "[t]he scope of review for a motion to dismiss requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing the allegations favorably to plaintiff, and determining whether upon that basis the petition invokes principles of substantive law." *Shapiro v. Columbia Union National Bank and Trust Co.,* 576 S.W.2d 310, 312 (Mo.1978) (en banc). Here, although the Complaint involves a contract, Plaintiff pleads sufficient factual allegations to state a claim for unjust enrichment and survive a motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court finds that Defendant's Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Campus Communities Services, Inc.'s Motion to Dismiss (Doc. 13) is **DENIED.**

Dated this 6th day of July, 2017.

                                                                    */s/ John A. Ross*
                                                         **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**